■ Harold Rising, Respondent, v. Joseph J. Kendzie et al., Appellants.— Judgment unanimously reversed on the law and facts and a new trial granted, with costs to the appellants to abide the event. Memorandum: In this action to foreclose a mechanic's lien on the interest of one defendant in real property, plaintiff has been granted a personal judgment against both defendants, although no determination was made by the Official Referee that plaintiff's mechanic's lien was invalid. Section 54 of the Lien Law permits entry of personal judgment in such action only if the lienor shall fail for any reason to establish a valid lien in the action. (*Eagle Contrs. of Utica* v. *Black,* 7 A D 2d 622, affd. 8 N Y 2d 732.) In a memorandum the Referee directed that findings and judgment be presented for signature. The direction to submit findings indicates that he did not intend to have the memorandum serve as a report or decision. (*Kazansky* v. *Bergman,* 4 A D 2d 79, 86.) No findings were presented. Judgment was signed by him, however, which recited the filing of the court's decision containing a statement of the facts found, thus indicating that he then treated the memorandum as being his decision. We do not think that the Referee's direction that findings be presented makes the memorandum legally insufficient as a decision and we treat it as his decision upon which judgment could be entered. (*Metropolitan Life Ins. Co.* v. *Union Tr. Co.,* 294 N. Y. 254.) The judgment entered thereon must be reversed and a new trial granted for the following reasons. Plaintiff failed to establish the cause of action alleged in his complaint and made no motion to amend his pleadings. Plaintiff failed to establish that the contract was performed by him or that such performance had been excused. Personal judgment was unauthorized in this action to fore-

close a mechanic's lien. Judgment against defendant, Sophie E. Kendzie, was not warranted by the pleadings and proofs. The finding of the Referee that plaintiff was justified in terminating the agreement is against the weight of the evidence. The finding of the Referee that defendant breached the contract is against the weight of the evidence. (Appeal from judgment of Niagara Supreme Court, as amended by subsequent order for plaintiff in an action to foreclose a mechanic's lien.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.