KENT DEVELOPMENT CO., INC., et al., Respondents, v. MANLIO LICCIONE et al., Defendants, and JAMES GNERRE, Also Known as PUGGI BROWN, Appellant.— In an action to recover damages for breach of contract (first cause, against defendant Gnerre only) and conspiracies and other alleged torts (second and third causes, which are against Gnerre and others), defendant Gnerre appeals from an order of the Supreme Court, Westchester County, dated January 11, 1974, which denied the branch of his motion which sought (1) to dismiss each of the three causes of action and (2) summary judgment. Order reversed, on the law, with $20 costs and disbursements, and complaint dismissed as to defendant Gnerre. As to the first cause of action, there is another action pending between the same parties to that cause, which other action was previously instituted by appellant in the Supreme Court, Putnam County. All of the issues sought to be raised here can be tried in that action. This court, therefore, *sua sponte,* dismisses the first cause of action (CPLR 3211, subd. [a], par. 4). The conspiracies and criminal threats alleged in the second and third causes of action are derivative and subsidiary to the alleged breach of contract, the issues of which are presently before the Supreme Court, Putnam County. Gulotta, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.

NATHAN LIEBERMAN et al., Respondents, v. IRVING E. LARKIN, Appellant.— In an action by vendees to recover their down payment and damages for breach of a contract to sell real property, defendant appeals from an order of the Supreme Court, Dutchess County, dated October 3, 1973, which granted plaintiffs' motion for summary judgment. Order modified by striking therefrom the following: " The Clerk is directed to place this action on the inquest calendar for assesment of damages, subject to the deposition of the Justice presiding ", and by inserting in lieu thereof a provision that all questions of damages are to be decided following a full adversary trial. As so modified, order affirmed, without costs. We agree that summary judgment was properly granted as to the question of liability only. We do not pass upon the question of damages, which should be decided only after a full adversary trial and not an inquest (CPLR 3212, subd. [c]). Hopkins, Acting P. J., Martuscello, Latham, Brennan and Benjamin, JJ., concur.