■ MORRIS I. KARPEN et al., Appellants-Respondents, v SUFFOLK COUNTY DEPARTMENT OF ENVIRONMENTAL CONTROL et al., Respondents-Appellants, et al., Respondents.—Judgment of the Supreme Court, Suffolk County, entered May 1, 1975, affirmed, without costs or disbursements, upon the opinion of Mr. Justice Lazer at Special Term. Gulotta, P. J., Hopkins, Latham, Margett and Shapiro, JJ., concur.

■ KENT DEVELOPMENT CO., INC., et al., Appellants-Respondents, v MANLIO LICCIONE et al., Defendants, and JAMES GNERRE, Respondent-Appellant.—In this action to recover damages for breach of contract, conspiracies and other alleged torts, this court previously had before it the following appeals: (1) an appeal by defendant Gnerre from an order of the Supreme Court, Westchester County, dated January 11, 1974, which, *inter alia,* denied the branch of his motion which sought to dismiss each of the three causes of action asserted in the complaint; and (2)(a) appeals by plaintiffs from (i) portions of an order of the same court, entered April 17, 1974, which *inter alia* denied in part their motion to strike defendant Gnerre's interrogatories and granted in part defendant Gnerre's cross motion to strike allegedly scandalous matter contained in the complaint and (ii) two further orders of the same court, dated May 16, 1974 and June 3, 1974, which *inter alia* granted defendant Gnerre's motion to add Margaret Alberi as a party defendant and imposed sanctions upon plaintiffs; and (b) a cross appeal by defendant Gnerre from portions of said order of April 17, 1974. By separate orders dated September 23, 1974, this court (1) reversed the order dated January 11, 1974 and dismissed the complaint as to defendant Gnerre and (2) dismissed the remaining appeals as moot in view of that determination. On October 28, 1975 the Court of Appeals reversed the order of this court which dismissed the complaint as to Gnerre and reinstated the order of Special Term *(Kent Development Co. v Liccione,* 37 NY2d 899, revg 45 AD2d 965). This permits us to dispose of the remaining appeals on their merits. Order entered April 17, 1974 modified by (1) deleting so much thereof as struck Interrogatories Nos. 6, 12, 26, 29, 30, 34, 41, 50, 52, 63, 81 and 85, and the said interrogatories are reinstated, and (2) restoring the word "specifically" to Interrogatory No. 47. As so modified, order affirmed insofar as appealed from, without costs or disbursements (see *Schachter v Massachusetts Protective Assn.,* 30 AD2d 540). Plaintiffs' time to answer the interrogatories is extended until 20 days after entry of the order to be made hereon. Orders dated May 16, 1974 and June 3, 1974 affirmed, without costs or disbursements. The interrogatories which we have reinstated are relevant and necessary. The extent of Margaret Alberi's interest in the properties involved will necessarily be affected by the outcome of this action. Gulotta, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.