■ LAWRENCE NOVICK et al., Respondents, v SUN OIL COMPANY OF PENNSYLVANIA, Appellant. — In an action to recover damages for injuries resulting from the discharge of petroleum, defendant appeals from an order of the Supreme Court, Nassau County (Pantano, J.), dated May 31, 1983, which granted plaintiffs' motion for summary judgment as to liability. ¶ Order affirmed, with costs. ¶ In March, 1980, the Nassau County Department of Health discovered that a gasoline leak, caused by defective storage tanks, had occurred at a retail gasoline service station owned by defendant. Plaintiffs' home is situated in the immediate vicinity of the gas station. Four homes on plaintiffs' street were evacuated because of the leak, and defendant paid lodging and living expenses for those families. Although plaintiffs were not evacuated, an air sample taken from plaintiffs' home on March 31 revealed "significantly higher" hydrocarbon levels than that which had been found in a

sample taken five days earlier. In April, 1980 defendant installed a recovery system in the area, consisting of 43 recovery wells; one such well was placed at the curb line in front of plaintiffs' property, and another was placed in plaintiffs' backyard. By October 7, 1980, defendant had recovered 12,086 gallons of gasoline. On June 8, 1981, more than one year after the leak had first been detected, monitoring of the recovery well in plaintiffs' backyard revealed seven inches of petroleum product floating on the groundwater. ¶ In May, 1980, plaintiffs filed an application for damage compensation with the New York State Environmental Protection and Spill Compensation Fund (Navigation Law, § 179 et seq.). On or about January 5, 1981, plaintiffs commenced the instant action, in which they seek recovery on theories of negligence, nuisance and strict liability. The verified complaint alleges injuries in the nature of reduction in property value, annoyance, inconvenience and expense. ¶ Plaintiffs thereafter moved for summary judgment. The motion was supported by the affirmation of plaintiffs' attorney which alleged, inter alia, that no triable issue of fact existed as to defendant's liability for the petroleum discharge, since defendant had voluntarily assumed responsibility for the cleanup and recovery operation and had voluntarily undertaken to pay the lodging and living expenses of the evacuated families and for certain repairs on the affected properties. Annexed to the affirmation was voluminous documentation, including: copies of the pleadings, memoranda, reports and correspondence of the New York State Departments of Transportation, Environmental Conservation and Audit and Control, the Nassau County Department of Health, and defendant, which set forth the entire history of the incident, including the evacuation, cleanup and recovery operation undertaken by defendant, and which contained the results of scientific tests made in connection therewith. Also included was a copy of plaintiffs' sworn claim for damage compensation from the New York State Environmental Protection and Spill Compensation Fund, which included two sworn reports of real estate appraisers indicating that plaintiffs' property had suffered a significant diminution in value after the petroleum discharge. ¶ In opposition to the summary judgment motion, defendant produced an affidavit of its environmental manager which alleged, inter alia, that plaintiffs had failed to establish the existence of any injury for which they would be entitled to recovery. In addition, defendant's attorney alleged that the motion for summary judgment was fatally defective in that it was based solely on the affirmation of an attorney having no firsthand knowledge of the facts. ¶ We affirm. Defendant does not dispute that it is liable for any injury suffered by plaintiffs as the result of the petroleum discharge, and we therefore need not examine the basis for liability. Rather, it is defendant's contention that plaintiffs had failed to make any showing of injury, thereby precluding summary judgment on the issue of liability. However, the record does not support defendant's assertion of no injury. Moreover, it is well settled that questions relating to the amount or extent of damages do not preclude the granting of summary judgment on the liability question (CPLR 3212, subd [c]; Viaggio & Sons v City of New York, 91 AD2d 607; Lieberman v Larkin, 45 AD2d 965). We therefore conclude that Special Term was correct in granting summary judgment as to liability and directing a trial to assess damages. ¶ In addition, we note that an affirmation by a party's attorney may "serve as the vehicle for the submission of acceptable attachments" sufficient to warrant the granting of summary judgment (Zuckerman v City of New York, 49 NY2d 557, 563). Bracken, J. P., Weinstein, Brown and Niehoff, JJ., concur.