■ MARY SPINK et al., Appellants, v JOSEPH COHEN et al., Defendants, and SLUGGO Co. et al., Respondents.—Judgment, Supreme Court, New York County (David Edwards, Jr., J.), entered on June 24, 1988, which granted defendants-respondents' motion for summary judgment dismissing the complaint as against the defendants-respondents, unanimously affirmed, without costs.

In this action by plaintiffs against the defendants-respondents, the former owners of the subject property, seeking to recover monetary damages for injuries sustained by the plaintiffs as a result of the loss of use of their apartments and property damage sustained when the building they resided in, at 41-43 Avenue B, New York City, collapsed, the record reveals that the IAS court properly dismissed the complaint as against the former owners.

Initially, contrary to plaintiffs' assertions, the affirmation of defendants' attorney, not based upon facts within the attorney's personal knowledge, but nevertheless supported by docu-

mentary evidence, was sufficient to support a motion for summary judgment (Olan v Farrell Lines, 64 NY2d 1092 [1985]; Novick v Sun Oil Co., 103 AD2d 800 [2d Dept 1984]).

Moreover, in the case at bar, where the former owners divested themselves of any and all possession or control of the subject premises upon the sale of the property to defendant Cohen, had no control over the property and could do nothing to prevent the events which purportedly led to the plaintiffs' alleged injuries, and where plaintiffs failed to offer any proof of a contractual or leasehold relationship between the plaintiffs and the defendants by means of either a signed lease or an affidavit from any one of the plaintiffs claiming an oral leasehold agreement, the court below properly determined that plaintiffs' complaint failed to state viable causes of action against the former owners of the subject premises (Pharm v Lituchy, 283 NY 130 [1940]; Kilmer v White, 254 NY 64 [1930]).

Finally, although amendments of pleadings pursuant to CPLR 3025 (b) are generally given freely, nevertheless, plaintiffs' motion to amend the complaint, which was made approximately two years after its initial service, and which was prejudicial to the defendants in that the property had been demolished, thereby precluding the defendants from inspecting and obtaining an expert opinion as to the cause of the building's collapse, was also properly denied (Murray v City of New York, 43 NY2d 400 [1977]; Adams Drug Co. v Knobel, 129 AD2d 401 [1st Dept 1987]; D'Onofrio v St. Joseph's Hosp. Health Center, 101 AD2d 686 [4th Dept 1984]). Concur—Kupferman, J. P., Sullivan, Carro, Rosenberger and Ellerin, JJ.