SECOND DEPARTMENT, JUNE, 1994

(June 6, 1994)

■ ATP CONSTRUCTION CORP., Appellant, v OLD POST ROAD PROFESSIONAL BUILDING & ANNEX, INC., et al., Respondents. (Action No. 1.) OLD POST ROAD PROFESSIONAL BUILDING & ANNEX, INC., Appellant, v ATP CONSTRUCTION CORP., Respondent. (Action No. 2.) ATP CONSTRUCTION CORP., Appellant, v OLD POST ROAD PROFESSIONAL BUILDING & ANNEX, INC., Respondent. (Action No. 3.) [613 NYS2d 194] —In actions to recover damages for breach of contract, etc., (1) ATP Construction Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Colabella, J.), dated June 11, 1992, as (a) dismissed its first and second causes of action in Action No. 1, in effect dismissing the complaint, and (b) dismissed its complaint in Action No. 3 to the extent it asserted a cause of action to foreclose a mechanics lien in the amount of $56,034.65; and (2) Old Post Road Professional Building & Annex, Inc. cross-appeals from so much of the same order as denied its cross motion for partial summary judgment on the issue of liability in Action No. 2.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied the cross motion of Old Post Road Professional Building & Annex, Inc. for partial summary judgment on the issue of liability in Action No. 2, and substituting therefor a provision granting the cross-motion of Old Post Road Professional Building & Annex, Inc.; as so modified, the order is affirmed, insofar as appealed from, with costs to Old Post Road Professional Building & Annex, Inc.

On May 3, 1989, ATP Construction Corp. (hereinafter ATP), entered into a contract with Old Post Road Professional Building & Annex, Inc. (hereinafter Old Post Road), wherein ATP, as contractor, agreed to renovate an existing 3-story wood frame structure owned by Old Post Road for professional offices.

In support of its cross motion for summary judgment on the issue of liability in Action No. 2, Old Post Road submitted probative evidence including, *inter alia,* an engineer's report, a letter from the supervising architect, and affidavits from the Building Inspector and the Deputy Building Inspector of the Town of Lewisboro, which demonstrated that ATP breached the contract with Old Post Road. Specifically, this evidence indicated that (1) the construction work performed by ATP

concerning, *inter alia,* concrete footings and a block wall foundation was defective and had been rejected by the Building Department for failing to comply with building code requirements, and (2) ATP repeatedly ignored Old Post's notices advising it that the Building Department had rejected its work and requesting it to return to the site and remedy the defects. In the absence of any probative evidence to the contrary from ATP, Old Post Road is entitled to partial summary judgment on the issue of liability in Action No. 2 *(see, Novick v Sun Oil Co.,* 103 AD2d 800; *Viaggio & Sons v City of New York,* 91 AD2d 607).

We have reviewed the other arguments raised by ATP as an appellant and find them to be without merit *(see, Sullivan v International Fid. Ins. Co.,* 96 AD2d 555; *Knoll v Cape Cod Sea Food Rest.,* 35 AD2d 976, *affd* 35 NY2d 917; *Abinet v Mediavilla,* 5 AD2d 679; *Rising v Kendzie,* 12 AD2d 988). Mangano, P. J., Bracken, Pizzuto and Hart, JJ., concur.