■ HALL SIGNS, INC., Respondent, v ARIES STRIPING, INC., et al., Appellants. [654 NYS2d 621] —In an action to recover damages for goods sold and delivered and for breach of a payment bond, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Doyle,

J.), dated December 18, 1995, as granted the plaintiff's motion to renew its prior motion for summary judgment and, upon renewal, granted summary judgment to the plaintiff on its first and second causes of action on the issue of liability and denied those branches of the defendants' cross motion which were for leave to serve an amended answer to the first and second causes of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant Aries Striping, Inc. (hereinafter Aries), contracted with the City of New York for the installment of stop signs and one-way signs and, thereafter, contracted with the plaintiff, Hall Signs, Inc., for the manufacture and delivery of said signs. Upon delivery of the signs, Aries failed to pay the plaintiff. The first cause of action, asserted against Aries, sought payment of $251,678 the price of the signs in the contract between Aries and the plaintiff. The second cause of action, asserted against the defendant New York Surety, Inc., sought to enforce the payment bond issued on the ordered signs.

In the absence of any evidence to the contrary, the plaintiff was entitled to summary judgment on the issue of liability as to its first and second causes of action (*see, ATP Constr. Corp. v Old Post Rd. Professional Bldg. & Annex,* 205 AD2d 482, 483). Although a factual question may remain as to the amount or extent of damages that the plaintiff is entitled to, the court properly granted summary judgment to the plaintiff as to its first and second causes of action on the issue of liability (*see, County of Dutchess v City of Beacon,* 110 AD2d 278, 279; *Novick v Sun Oil Co.,* 103 AD2d 800, 801; *Lieberman v Larkin,* 45 AD2d 965).

As for the defendants' motion for leave to amend their answer as to the first and second causes of action, the proposed amendment was devoid of merit and was properly disallowed, thereby obviating needless, time-consuming litigation (*see, Brown v Samalin & Bock,* 155 AD2d 407, 408; *see also, Nasuf Constr. Corp. v State of New York,* 185 AD2d 305; *Tilden Fin. Corp. v Muffoletto,* 161 AD2d 583). Rosenblatt, J. P., Ritter, Copertino and Krausman, JJ., concur.