■ NORA DuBois, Appellant, v BROOKDALE UNIVERSITY HOSPITAL AND MEDICAL CENTER et al., Respondents. [815 NYS2d 239]—

In an action, inter alia, to recover damages for employment discrimination in violation of Executive Law § 296, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated December 1, 2004, as granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (1), (5), and (7) to dismiss the first and second causes of action alleging discrimination and retaliation in violation of Executive Law § 296 and 42 USC § 1981, respectively, and denied her request, made in her opposing papers, for leave to replead.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 2004, the then-66-year-old plaintiff, a woman of Trinidadian descent, commenced this action arising from her employ-

ment as an assistant head nurse of the emergency room at the defendant Brookdale University Hospital and Medical Center (hereinafter the defendant hospital). At that time, the defendant Catherine Norton Lind had been the director of nursing at the defendant hospital for four years. The plaintiff alleged, inter alia, that the defendants intentionally discriminated and retaliated against her based on her age, race, and national origin in violation of Executive Law § 296 and 42 USC § 1981.

Contrary to the plaintiff's contention on appeal, even accepting the allegations of the complaint as true, and giving her every favorable inference to be drawn therefrom, the plaintiff failed to state a prima facie case of illegal discrimination (*see Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 305 [2004]; *Whidbee v Garzarelli Food Specialties, Inc.*, 223 F3d 62, 69 [2000]; *McLee v Chrysler Corp.*, 109 F3d 130 [1997]; *Lumhoo v Home Depot USA, Inc.*, 229 F Supp 2d 121 [2002]). Rather, her allegations were merely conclusory.

Concerning the plaintiff's allegations of illegal retaliation, the Supreme Court properly found that the plaintiff suffered no adverse employment action from the termination of her employment since the termination was subsequently overturned and the plaintiff was reinstated with back pay and benefits (*see Forrest v Jewish Guild for the Blind, supra; Yerdon v Henry*, 91 F3d 370 [1996]).

Accordingly, the Supreme Court properly granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (1), (5), and (7) to dismiss the first and second causes of action alleging discrimination and retaliation in violation of Executive Law § 296 and 42 USC § 1981, respectively.

Since the plaintiff failed to demonstrate "good ground" to support these causes of action, the Supreme Court providently exercised its discretion in denying the plaintiff leave to replead (*Nadkarni v North Shore-Long Is. Jewish Health Sys.*, 21 AD3d 354 [2005]; *see Latture v Smith*, 1 AD3d 408, 409 [2003]; *Hall Signs v Aries Striping*, 236 AD2d 513 [1997]; CPLR 3211). Ritter, J.P., Luciano, Fisher and Lifson, JJ., concur. [*See* 6 Misc 3d 1023(A), 2004 NY Slip Op 51819(U) (2004).]