■ CHRISTOPHER MCCARTHY, Appellant, v ST. FRANCIS HOSPITAL, Respondent. [840 NYS2d 800]—

In an action, inter alia, to recover damages for employment discrimination on the basis of disability in violation of, inter alia, Executive Law § 296, the plaintiff appeals from an order of the Supreme Court, Nassau County (O'Connell, J.), dated November 29, 2005, which granted the defendant's motion for summary judgment dismissing the complaint and, in effect, denied his cross motion for summary judgment on the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff alleges that the defendant unlawfully terminated his employment because of discrimination on the basis of disability, in violation of, inter alia, Executive Law § 296. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint, and, in effect, denied the plaintiff's cross motion for summary judgment on the complaint, based on its determination that the plaintiff had failed to make a prima facie showing of discrimination based on disability. We agree.

To establish a prima facie case of disability discrimination under the Executive Law, a plaintiff must establish, inter alia, that he or she was otherwise qualified to perform the essential functions of the position, with or without a reasonable accommodation (*see* Executive Law § 292 [21]; *Simeone v County of Suffolk*, 36 AD3d 890 [2007]; *Fama v American Intl. Group*, 306 AD2d 310, 312 [2003]; *Heyman v Queens Vil. Comm. for Mental Health for Jamaica Community Adolescent Program, Inc.*,198 F3d 68, 72 [1999]). Here, in support of its motion for summary judgment dismissing the complaint, the defendant made a prima facie showing that the plaintiff could not perform the essential functions of the position of a physician's assistant. In opposition, the plaintiff failed to raise a triable issue of fact. Further, in support of his cross motion for summary judgment on the complaint, the plaintiff failed to make a prima facie showing to the contrary.

The plaintiff's remaining contentions are without merit. Mastro, J.P., Dillon, Covello and Dickerson, JJ., concur.