In a claim, inter alia, to recover damages for retaliatory discharge in violation of Executive Law § 296, the claimants appeal from an order of the Court of Claims (Lopez-Summa, J.), dated July 12, 2011, which granted the defendants’ motion for summary judgment dismissing the claim.
Ordered that the order is affirmed, with costs.
The claimant Caroline Adeniran, a former employee of the State of New York, who was employed as a registered nurse at the defendant Pilgrim State Psychiatric Center (hereinafter Pilgrim), commenced this matter, with her husband suing derivatively, alleging, inter alia, that she was harassed and intimidated by the staff of Pilgrim’s mental health department, and that her employment was terminated in retaliation for complaining to her supervisors.
Contrary to the claimants’ arguments, the Court of Claims properly granted the defendants’ motion for summary judgment dismissing the claim. Pursuant to Executive Law § 296, it is unlawful to retaliate against an employee because he or she opposed statutorily forbidden discriminatory practices (see Ruane-Wilkens v Board of Educ. of City of N.Y., 56 AD3d 648, 649 [2008]). To make a prima facie showing of retaliation under Executive Law § 296, a claimant is required to show that (1) the claimant was engaged in protected activity, (2) the claimant’s employer was aware that he or she participated in such activity, (3) the claimant suffered an adverse employment action based upon his or her activity, and (4) there was a causal connection between the protected activity and the adverse action (see For *845 rest v Jewish Guild for the Blind, 3 NY3d 295, 313 [2004]; Thide v New York State Dept. of Transp., 27 AD3d 452, 454 [2006]). Once this initial showing is made, the burden then shifts to the defendant to present legitimate, independent, and nondiscriminatory reasons to support its actions. Assuming the defendant meets this burden, the claimant would then have the obligation to show that the reasons put forth were merely a pretext (see Matter of Murphy v Kirkland, 88 AD3d 795, 796 [2011]; Matter of Board of Educ. of New Paltz Cent. School Dist. v Donaldson, 41 AD3d 1138, 1140 [2007]).
The defendants met their initial burden of demonstrating that the claimants could not make out a prima facie case of retaliation (see Ruane-Wilkens v Board of Educ. of City of N.Y., 56 AD3d at 649; Keooulay v Transcore, Inc., 51 AD3d 874, 874-875 [2008]) by showing that the complaints made by Caroline Adeniran to her supervisors did not relate to statutorily forbidden discriminatory practices, and that she, therefore, had not engaged in protected activity. In opposition, the claimants did not raise a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Accordingly, the defendants were entitled to summary judgment dismissing the claimants’ retaliation cause of action (see Forrest v Jewish Guild for the Blind, 3 NY3d at 312-313).
Further, the defendants were entitled to summary judgment dismissing the cause of action alleging harassment, as “ ‘New York does not recognize a common-law cause of action to recover damages for harassment’ ” (Santoro v Town of Smithtown, 40 AD3d 736, 738 [2007], quoting Daulat v Helms Bros., Inc., 18 AD3d 802, 803 [2005]; see Edelstein v Farber, 27 AD3d 202, 202 [2006]).
The claimants’ remaining contentions are without merit. Skelos, J.E, Dillon, Lott and Roman, JJ., concur.