■ WALFREDO LEON, Appellant, v STATE UNIVERSITY OF NEW YORK et al., Respondents. [991 NYS2d 359]—

In an action, inter alia, to recover damages for employment discrimination on the basis of disability in violation of Executive Law § 296, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated April 5, 2013, as granted that branch of the defendants' motion which was for summary judgment dismissing the second cause of action, which alleged employment discrimination based on disability.

Ordered that the order is affirmed insofar as appealed from, with costs.

The New York Human Rights Law provides, "It shall be an unlawful discriminatory practice for an employer . . . to refuse to provide reasonable accommodations to the known disabilities of an employee" (Executive Law § 296 [3] [a]). Here, the Supreme Court correctly determined that the plaintiff's complaint was subject to dismissal to the extent that it alleged that the defendants violated Executive Law § 296 (3). The modified work schedule accommodation the plaintiff sought involved his schedule at the nonparty Kings County Hospital Center, which, although "affiliated" with the plaintiff's now former employer, the defendant State University of New York, Down-

state College of Medicine (hereafter SUNY), is not a facility owned and operated by SUNY. In any event, the defendants established, prima facie, their entitlement to judgment as a matter of law with evidence showing that, while the plaintiff suffered from a disability related to prostate cancer surgery, he never proposed a reasonable accommodation that the defendants refused to make (*see Matter of McEniry v Landi*, 84 NY2d 554, 558 [1994]; *Evans v City of New York*, 64 AD3d 468 [2009]; *Pimentel v Citibank, N.A.*, 29 AD3d 141, 146 [2006]). Further, the defendants demonstrated, prima facie, that the action not to renew the plaintiff's term appointment as a clinical associate professor at SUNY was motivated by legitimate nondiscriminatory reasons (*see Matter of McEniry v Landi*, 84 NY2d at 558; *Bailey v New York Westchester Sq. Med. Ctr.*, 38 AD3d 119 [2007]; *Timashpolsky v State Univ. of N.Y. Health Science Ctr. at Brooklyn*, 306 AD2d 271, 273 [2003]). In opposition, the plaintiff failed to raise a triable issue of fact with evidence that he proposed a reasonable accommodation that the defendants refused to make. Moreover, the plaintiff failed to raise a triable issue of fact with evidence from which one could infer that the reasons not to renew his term appointment as a clinical associate professor at SUNY were pretextual (*see Evans v City of New York*, 64 AD3d at 468; *Bailey v New York Westchester Sq. Med. Ctr.*, 38 AD3d at 119).

Accordingly, the Supreme Court correctly granted that branch of the defendants' motion which was for summary judgment dismissing the second cause of action, which alleged employment discrimination based on disability. Rivera, J.P., Roman, Sgroi and LaSalle, JJ., concur.