■ SANDRA YU CLARSON, Respondent, v CITY OF LONG BEACH, Appellant. [18 NYS3d 397]—

In an action, inter alia, to recover damages for unlawful retaliation in violation of Executive Law § 296, the defendant appeals from an order of the Supreme Court, Nassau County (Brandveen, J.), entered September 17, 2013, which denied its motion pursuant to CPLR 3211 (a) to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs,

and the defendant's motion pursuant to CPLR 3211 (a) to dismiss the complaint is granted.

The plaintiff is an Asian-American woman who served as the City Comptroller for the City of Long Beach. She alleges that the defendant terminated her employment in retaliation against her because she cooperated and provided testimony to a grand jury regarding alleged criminal activity of a city councilperson, and that the defendant subsequently hired a less qualified, white male to fill her former position. The plaintiff commenced this action, inter alia, to recover damages for unlawful retaliation in violation of Executive Law § 296. The defendant moved pursuant to CPLR 3211 (a) to dismiss the complaint, and the Supreme Court denied the motion. We reverse.

In considering a motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action, the court must accept the plaintiff's allegations as true, afford the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]). Here, the complaint fails to state a cause of action alleging retaliation in violation of Executive Law § 296 (1) (e). "Pursuant to Executive Law § 296, it is unlawful to retaliate against an employee because he or she opposed statutorily forbidden discriminatory practices" (*Adeniran v State of New York*, 106 AD3d 844, 844 [2013]). "To make a prima facie showing of retaliation under Executive Law § 296, a claimant is required to show that (1) the claimant was engaged in protected activity, (2) the claimant's employer was aware that he or she participated in such activity, (3) the claimant suffered an adverse employment action based upon his or her activity, and (4) there was a causal connection between the protected activity and the adverse action" (*id.*; *see Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 313 [2004]; *Thide v New York State Dept. of Transp.*, 27 AD3d 452, 454 [2006]). An employee engages in a "protected activity" by "opposing or complaining about unlawful discrimination" (*Forrest v Jewish Guild for the Blind*, 3 NY3d at 313; *see* Executive Law § 296 [1] [e]; [7]). Here, the plaintiff's testimony before the grand jury was unrelated to opposing or complaining about statutorily prohibited discrimination, and therefore, was not "protected activity" as contemplated by the statute (*Forrest v Jewish Guild for the Blind*, 3 NY3d at 313; *see Adeniran v State of New York*, 106 AD3d at 844; *Ruane-Wilkens v Board of Educ. of City of N.Y.*, 56 AD3d 648, 649 [2008]).

Further, the plaintiff's conclusory allegations fail to state a claim of discrimination in violation of Executive Law § 296 (1) (a) (*see DuBois v Brookdale Univ. Hosp. & Med. Ctr.*, 29 AD3d 731, 732 [2006]; *Schenkman v New York Coll. of Health Professionals*, 29 AD3d 671, 673 [2006]; *see generally Forrest v Jewish Guild for the Blind*, 3 NY3d at 305).

Contrary to the plaintiff's contentions, the complaint does not allege a cause of action for retaliation based on whistle-blowing activities in violation of Civil Service Law § 75-b (*see Matter of DiSanza v Town Bd. of Town of Cortlandt*, 90 AD3d 659, 660 [2011]; *Suarez v New York City Dept. of Probation*, 268 AD2d 203 [2000]; *cf. Schenkman v New York Coll. of Health Professionals*, 29 AD3d at 673).

Accordingly, the Supreme Court should have granted the defendant's motion pursuant to CPLR 3211 (a) to dismiss the complaint.

The defendant's remaining contentions either are without merit or need not be reached in light of our determination. Balkin, J.P., Roman, LaSalle and Barros, JJ., concur.