■ In the Matter of DARLENE TROGE, Petitioner, v STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [25 NYS3d 350]—

Proceeding pursuant to Executive Law § 298 to review a determination of the Commissioner of the New York State Division of Human Rights dated October 5, 2012, which adopted the findings and recommendations of an administrative law judge dated August 23, 2012, made after a hearing, determining that the petitioner did not establish that the respondents Town of Southampton and Anna Throne-Holst terminated her employment in retaliation for protected activity in violation of Executive Law § 296, and dismissed her complaint pursuant to Executive Law article 15 against the respondents Town of Southampton and Anna Throne-Holst.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

The petitioner was employed by the Town of Southampton as Director of Workplace Policy and Compliance, a position which required her to investigate complaints of job discrimination and harassment. On February 5, 2010, she filed an internal complaint with the Town alleging that a Deputy Town Supervisor had created an "offensive" work environment when he demanded that she produce her notes of an investigation of a workplace dispute between two employees, one of whom was the petitioner's supervisor. On June 30, 2010, the internal complaint was dismissed by resolution of the Town following an investigation. On July 1, 2010, the petitioner's position was eliminated by unanimous vote of the Town Board, and the petitioner's employment was terminated. In May 2011, the petitioner filed a complaint pursuant to Executive Law article 15 against the Town and Town Supervisor Anna Throne-Holst (hereinafter together the Town respondents), alleging that she had been fired in retaliation for filing the internal complaint.

At a hearing, the Town respondents submitted proof of the Town's need to reorganize and consolidate different departments within the Town government for financial reasons, leading to the termination of employees. In addition, the Town respondents offered proof of their discontent with the petitioner's job performance. The petitioner testified that she filed the internal complaint after opposing requests that she perceived to be in furtherance of discrimination directed against her supervisor, and that she was fired in retaliation.

An order of an administrative law judge (hereinafter ALJ), following the hearing, found that the petitioner had failed to establish a prima facie claim for retaliation, and if she had, the Town had shown that its actions were motivated by fiscal, non-

discriminatory reasons. The petitioner filed objections, and the Commissioner of the State Division of Human Rights (hereinafter SDHR) issued a final order adopting the ALJ's findings and recommendations, and dismissed the complaint. The petitioner filed a CPLR article 78 petition, and the proceeding was transferred to this Court by order of the Supreme Court, Suffolk County.

The standard of review in an administrative determination made after a hearing is limited to considering whether the determination was supported by substantial evidence (*see* CPLR 7803 [4]; *Rainer N. Mittl, Ophthalmologist, P.C. v New York State Div. of Human Rights*, 100 NY2d 326, 331 [2003]; *Matter of Berenhaus v Ward*, 70 NY2d 436 [1987]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181-182 [1978]). "Substantial evidence 'means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact' " (*Rainer N. Mittl, Ophthalmologist, P.C. v New York State Div. of Human Rights*, 100 NY2d at 331, quoting *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d at 180).

In order to establish a prima facie case of retaliation, the petitioner was required to show that: "(1) she has engaged in protected activity, (2) her employer was aware that she participated in such activity, (3) she suffered an adverse employment action based upon her activity, and (4) there is a causal connection between the protected activity and the adverse action" (*Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 312-313 [2004]; *see Adeniran v State of New York*, 106 AD3d 844, 845 [2013]; *Bendeck v NYU Hosps. Ctr.*, 77 AD3d 552 [2010]). If the petitioner made this initial showing, the burden would shift to the Town respondents to present legitimate, independent, and nondiscriminatory reasons to support their actions. If the Town respondents met that burden, the petitioner would then have to show that the reasons given by the Town respondents were merely a pretext (*see Adeniran v State of New York*, 106 AD3d at 844-845).

Contrary to the petitioner's contention, there is substantial evidence to support the agency's determination that the petitioner was not subjected to retaliation, inasmuch as the petitioner failed to establish that any adverse employment action was taken based upon her having engaged in a protected activity (*see Matter of Bowler v New York State Div. of Human Rights*, 77 AD3d 1380 [2010]; *see also Forrest v Jewish Guild for the Blind*, 3 NY3d at 313; *Bendeck v NYU Hosps. Ctr.*, 77 AD3d at 553).

The petitioner's remaining contentions are without merit.

Accordingly, the petitioner's complaint pursuant to Executive Law article 15 alleging retaliatory firing was properly dismissed. Chambers, J.P., Austin, Miller and LaSalle, JJ., concur.