■ RAYMOND BRUNACHE, Respondent, v MV TRANSPORTATION, INC., et al., Appellants. [59 NYS3d 37]—

Appeals from an order of the Supreme Court, Kings County (Johnny L. Baynes, J.), dated May 15, 2014. The order, insofar as appealed from by the defendants Metropolitan Transit Authority and Metropolitan Transit Authority of New York City, denied their motion to dismiss the complaint insofar as asserted against them. The order, insofar as appealed from by the defendants MV Transportation, Inc., and MV Transportation of California, denied their motion to dismiss the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with one bill of costs, the motion of the defendants Metropolitan Transit Authority and Metropolitan Transit Authority of New York City, and the separate motion of the defendants MV Transportation, Inc., and MV Transportation of California, to dismiss the complaint insofar as asserted against each of them are granted.

The plaintiff was employed as a paratransit van driver by the defendant MV Transportation, Inc. (hereinafter MVT), a private company that had contracted with the New York City Transit Authority (hereinafter the NYCTA), incorrectly sued herein as Metropolitan Transit Authority of New York City, to provide paratransit services. Pursuant to the contract between MVT and the NYCTA, the NYCTA retained the right to preclude an MVT employee from acting as a paratransit driver. In September 2012, MVT terminated the plaintiff's employment following an investigation into a sexual harassment complaint against him by one of his passengers. The plaintiff challenged the termination of his employment pursuant to the terms of a collective bargaining agreement, and was granted an arbitration hearing. Although the arbitrator found that the

incident occurred as reported by the passenger, the arbitrator determined that termination was improper and ordered the plaintiff's reinstatement. The plaintiff, however, was not reinstated, allegedly due to the NYCTA's refusal to approve his reinstatement as a paratransit driver.

In August 2013, the plaintiff commenced this action against the NYCTA and the Metropolitan Transportation Authority (hereinafter the MTA), incorrectly sued herein as Metropolitan Transit Authority, as well as MVT and MV Transportation of California (hereinafter together the MV defendants). The first cause of action sought to recover damages against the NYCTA and the MTA (hereinafter together the Transit Authority defendants) based upon their "refus[al] to approve plaintiff's reinstatement [sic]." In the second cause of action, the plaintiff sought to recover damages for retaliation against the MV defendants. The third, and final, cause of action, which sought to recover damages, in effect, for intentional infliction of emotional distress, was asserted against all of the defendants. The Transit Authority defendants moved pursuant to CPLR 3211 (a) (2) and (7) to dismiss the complaint insofar as asserted against them for failure to comply with the notice of claim requirements of General Municipal Law § 50-e and for failure to state a cause of action. The MV defendants separately moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them for failure to state a cause of action and pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against MV Transportation of California. By order dated May 15, 2014, the Supreme Court denied both motions. The Transit Authority defendants and the MV defendants separately appeal.

Service of a notice of claim within 90 days after accrual of the claim is a condition precedent to the commencement of an action sounding in tort against the NYCTA and the MTA (see General Municipal Law § 50-e [1] [a]; Public Authorities Law §§ 1212 [2]; 1276 [2]; Matter of Ryan v New York City Tr. Auth., 110 AD3d 902, 902 [2013]). Here, the plaintiff failed to serve the Transit Authority defendants with a proper notice of claim. Contrary to the plaintiff's contention, a letter sent by the plaintiff's counsel to the MTA dated July 1, 2013, did not constitute a valid notice of claim, inasmuch as it did not substantially comply with the statutory requirements of General Municipal Law § 50-e [2] (see Mendik v Incorporated Vil. of Lattingtown, 76 AD3d 616, 617-618 [2010]; cf. Brown v City of New York, 95 NY2d 389, 391-393 [2000]). Although the plaintiff's alternative contention that he was not required to

serve a notice of claim because his claims sound in contract, not in tort, is raised for the first time on appeal, this Court may consider the argument since it presents an issue of law that appears on the face of the record, and could not have been avoided had it been raised at the proper juncture (*see Guryev v Tomchinsky*, 114 AD3d 723, 724 [2014]; *Verde Elec. Corp. v Federal Ins. Co.*, 50 AD3d 672, 672 [2008]). Nevertheless, the plaintiff's contention is without merit (*see Silberstein v County of Westchester*, 92 AD2d 867, 867 [1983], *affd* 62 NY2d 675 [1984]; *see also Taggart v Costabile*, 131 AD3d 243, 248-249 [2015]; *Conklin v Town of Ramapo*, 214 AD2d 639, 640 [1995]).

Accordingly, the Supreme Court should have granted the Transit Authority defendants' motion to dismiss the complaint insofar as asserted against them on the ground that the plaintiff failed to comply with the notice of claim requirements of General Municipal Law § 50-e.

The Supreme Court also should have granted the motion of the MV defendants to dismiss the complaint insofar as asserted against them on the ground that the complaint failed to state a cause of action. On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court must accept the facts alleged in the complaint as true, afford the proponent the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Baron v Galasso*, 83 AD3d 626, 627 [2011]; *Sokol v Leader*, 74 AD3d 1180, 1181 [2010]).

Contrary to the Supreme Court's determination, the complaint does not state a cause of action to recover damages for retaliation in violation of Executive Law § 296 (1) (e). "Pursuant to Executive Law § 296, it is unlawful to retaliate against an employee because he or she opposed statutorily forbidden discriminatory practices" (*Adeniran v State of New York*, 106 AD3d 844, 844 [2013]). To make a prima facie showing of retaliation under Executive Law § 296, a plaintiff must show that (1) he or she has engaged in protected activity, (2) the employer was aware that the plaintiff participated in such activity, (3) the plaintiff suffered an adverse employment action based upon that activity, and (4) there is a causal connection between the protected activity and the adverse action (*see Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 313 [2004]; *Thide v New York State Dept. of Transp.*, 27 AD3d 452, 454 [2006]). An employee engages in a "protected activity" by "opposing or complaining about unlawful discrimination" (*Forrest v Jewish Guild for the Blind*, 3 NY3d at 313; *see* Executive Law § 296 [1] [e]; [7]).

Here, the plaintiff failed to allege that he complained about statutorily prohibited discrimination, as opposed to general complaints about MVT's treatment of its employees (*see Forrest v Jewish Guild for the Blind*, 3 NY3d at 313; *Clarson v City of Long Beach*, 132 AD3d 799, 800 [2015]).

Similarly, the third cause of action fails to state a cause of action sounding in intentional infliction of emotional distress. "The elements of intentional infliction of emotional distress are (1) extreme and outrageous conduct; (2) the intent to cause, or the disregard of a substantial likelihood of causing, severe emotional distress; (3) causation; and (4) severe emotional distress" (*Klein v Metropolitan Child Servs., Inc.*, 100 AD3d 708, 710 [2012]; *see Marmelstein v Kehillat New Hempstead: The Rav Aron Jofen Community Synagogue*, 11 NY3d 15, 22-23 [2008]; *Howell v New York Post Co.*, 81 NY2d 115, 121 [1993]; *Taggart v Costabile*, 131 AD3d at 249). Even accepting as true the allegations in the complaint regarding the MV defendants' improper conduct, and according the plaintiff the benefit of every possible favorable inference, the MV defendants' alleged conduct was not so outrageous or extreme as to support an intentional infliction of emotional distress cause of action (*see Murphy v American Home Prods. Corp.*, 58 NY2d 293, 298-303 [1983]; *Petkewicz v Dutchess County Dept. of Community & Family Servs.*, 137 AD3d 990, 990 [2016]; *Borawski v Abulafia*, 117 AD3d 662, 664 [2014]).

Consequently, the Supreme Court should have granted the MV defendants' motion to dismiss the complaint insofar as asserted against them on the ground that the complaint failed to state a cause of action.

In light of our determination, we need not reach the parties' remaining contentions. Rivera, J.P., Roman, Cohen and Miller, JJ., concur.