Caracappa v Westhampton Beach Sch. Dist. (2024 NY Slip Op 05431)

Caracappa v Westhampton Beach Sch. Dist.

2024 NY Slip Op 05431

Decided on November 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
LARA J. GENOVESI
CARL J. LANDICINO, JJ.

2023-10282
 (Index No. 604653/23)

[*1]Jessica Caracappa, appellant, 
v
Westhampton Beach School District, et al., respondents.

Killoran Law P.C., Westhampton Beach, NY (Christian Killoran of counsel), for appellant.
Devitt Spellman Barrett, LLP, Smithtown, NY (Scott Kreppein of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for retaliation in violation of Executive Law § 296, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Vincent J. Martorana, J.), dated September 26, 2023. The order, insofar as appealed from, granted the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff was a teacher's aide to a student with Down Syndrome (hereinafter the student). The plaintiff alleged that the defendants terminated her employment in retaliation against her because she was advocating on behalf of the student and because of her association with the student, among other things. The plaintiff commenced this action, inter alia, to recover damages, in effect, for unlawful retaliation in violation of the American with Disabilities Act of 1990 (hereinafter the ADA), Section 504 of the Rehabilitation Act of 1973 (hereinafter the Rehabilitation Act), and Executive Law § 296, and a violation of Labor Law § 740.
The defendants moved pursuant to CPLR 3211(a)(7) to dismiss the complaint, and the Supreme Court granted the motion. The plaintiff appeals.
"In considering a motion pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action, the court must accept the plaintiff's allegations as true, afford the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Clarson v City of Long Beach, 132 AD3d 799, 800; see Leon v Martinez, 84 NY 2d 83, 87).
The Supreme Court properly granted dismissal of the first cause of action, alleging violations of the Individuals with Disabilities Education Act (hereinafter the IDEA) (20 USC § 1400 et seq.), the ADA (42 USC § 12131 et seq.), and the Rehabilitation Act (29 USC § 794). To the extent that the plaintiff alleged that she was discriminated against, the complaint failed to state a cause of action under the IDEA, the ADA, or the Rehabilitation Act because the plaintiff did not allege that she was a person with a disability or an otherwise qualified individual (see 20 USC § [*2]1400; 29 USC § 794; 42 USC §§ 12111, 12112, 12131, 12132). Furthermore, the complaint failed to state a cause of action to recover damages for retaliation under the Rehabilitation Act or the ADA, as the plaintiff failed to allege facts demonstrating that she was engaged in activity "to protest or oppose statutorily prohibited discrimination" (Natofsky v City of New York, 921 F3d 337, 354 [2d Cir] [internal quotation marks omitted]; see 42 USC § 12203).
The Supreme Court also properly granted dismissal of the second cause of action, alleging a violation of the New York State Human Rights Law (Executive Law § 296), as the plaintiff did not allege facts demonstrating that she engaged in a protected activity by opposing or complaining about statutorily prohibited discrimination (see id. § 296[1][e]; Brunache v MV Transp., Inc., 151 AD3d 1011, 1014; Clarson v City of Long Beach, 132 AD3d at 800).
The Supreme Court properly granted dismissal of the third cause of action, which alleged a violation of Labor Law § 740, as the plaintiff failed to allege that she disclosed or threatened to disclose an activity, policy, or practice that she reasonably believed was in violation of a law, rule, or regulation, and that she reasonably believed posed a substantial and specific danger to the public health or safety (see Labor Law § 740[2][a]; cf. Webb-Weber v Community Action for Human Servs., Inc., 23 NY3d 448, 453; Coyle v College of Westchester, Inc., 166 AD3d 722, 724; Starikov v CEVA Frgt., LLC, 153 AD3d 1377, 1378).
The plaintiff's remaining contentions are either without merit or not properly before this Court.
CHAMBERS, J.P., MALTESE, GENOVESI and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court