Makharadze v Ognibene (2025 NY Slip Op 03713)

Makharadze v Ognibene

2025 NY Slip Op 03713

Decided on June 18, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2023-11444
 (Index No. 520245/20)

[*1]Maia Makharadze, respondent, 
v
Marisa Ognibene, et al., appellants, et al., defendants.

Akerman LLP, New York, NY (Rory J. McEvoy and Brittany A. Buccellato of counsel), for appellants.
Shegerian & Associates, New York, NY (Olivia M. Clancy of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for employment discrimination on the basis of disability in violation of the New York State Human Rights Law and the New York City Human Rights Law, the defendants Marisa Ognibene, Mount Sinai Brooklyn, Mount Sinai Beth Israel, Mount Sinai Health Network, LLC, Mount Sinai Health System, Inc., and Mount Sinai Hospital Groups, Inc., appeal from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated November 1, 2023. The order denied those defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying those branches of the motion of the defendants Marisa Ognibene, Mount Sinai Brooklyn, Mount Sinai Beth Israel, Mount Sinai Health Network, LLC, Mount Sinai Health System, Inc., and Mount Sinai Hospital Groups, Inc., which were for summary judgment dismissing the causes of action alleging disability discrimination in violation of the New York State Human Rights Law, hostile work environment, and retaliation insofar as asserted against them, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.
In 2008, the plaintiff began working as the volunteer services coordinator at Beth Israel Hospital. During the course of the plaintiff's employment, Beth Israel Hospital became part of the defendant Mount Sinai Health System, Inc., and was renamed Mount Sinai Brooklyn Hospital.
In November 2018, the plaintiff sustained injuries as a result of a non-work-related fall and was granted disability leave under the Family and Medical Leave Act of 1993 (hereinafter FMLA). The plaintiff returned to work in May 2019. In November 2019, the plaintiff sustained injuries to her ribs, left ankle, spine, and knee as a result of a second non-work-related fall. The plaintiff was unable to work following that accident and applied for additional FMLA leave, which was denied on the ground that the plaintiff had not worked the minimum required hours in the preceding 12 months. In December 2019, the plaintiff's employment was terminated.
In October 2020, the plaintiff commenced the instant action against, among others, [*2]Mount Sinai Health System, Inc., and the defendants Marisa Ognibene, Mount Sinai Brooklyn, Mount Sinai Beth Israel, Mount Sinai Health Network, LLC, and Mount Sinai Hospital Groups, Inc. (hereinafter collectively the hospital defendants), alleging disability discrimination, failure to engage in the interactive process, failure to provide a reasonable accommodation, retaliation, and hostile work environment, all in violation of the New York State Human Rights Law (see Executive Law § 296; hereinafter NYSHRL) and the New York City Human Rights Law (see Administrative Code of City of NY § 8-107; hereinafter NYCHRL). Thereafter, the hospital defendants moved for summary judgment dismissing the complaint insofar as asserted against them. In an order dated November 1, 2023, the Supreme Court denied the motion. The hospital defendants appeal.
In order to prevail on a claim of disability discrimination under the NYCHRL, "an employer must demonstrate that it engage[d] in a good faith interactive process that assesse[d] the needs of the disabled individual and the reasonableness of the accommodation requested" (Alvarez v New York City Tr. Auth., 230 AD3d 541, 542 [internal quotation marks omitted]). Here, the hospital defendants failed to show that they engaged in an interactive process and reasonable accommodation analysis prior to terminating the plaintiff's employment (see Hosking v Memorial Sloan-Kettering Cancer Ctr., 186 AD3d 58, 63-64; Watson v Emblem Health Servs., 158 AD3d 179, 183). Accordingly, the Supreme Court properly denied those branches of the hospital defendants' motion which were for summary judgment dismissing the causes of action alleging disability discrimination under the NYCHRL insofar as asserted against them.
However, the Supreme Court should have granted those branches of the hospital defendants' motion which were for summary judgment dismissing the causes of action alleging disability discrimination under the NYSHRL insofar as asserted against them. "To establish a prima facie case of disability discrimination under the Executive Law, a plaintiff must establish, inter alia, that he or she was otherwise qualified to perform the essential functions of the position, with or without a reasonable accommodation" (McCarthy v St. Francis Hosp., 41 AD3d 794, 794). Here, the hospital defendants established, prima facie, that the plaintiff could not perform the essential functions of her job with or without a reasonable accommodation (see Romanello v Intesa Sanpaolo, S.p.A., 22 NY3d 881, 884; Brouillard v Sunrun, Inc., 219 AD3d 560, 562; Staskowski v Nassau Community Coll., 53 AD3d 611, 611). In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, under the NYSHRL, the hospital defendants cannot be held liable for failing to engage in an interactive process where the employee has failed to provide evidence to the employer that he or she could perform the essential functions of the job with or without a reasonable accommodation (see Jacobsen v New York City Health & Hosps. Corp., 22 NY3d 824, 838; Gibbons v State of New York, 206 AD3d 974, 975; Leon v State Univ. of N.Y., 120 AD3d 771, 772).
Moreover, the Supreme Court should have granted those branches of the hospital defendants' motion which were for summary judgment dismissing the causes of action alleging retaliation insofar as asserted against them. To make a prima facie showing of retaliation under the NYSHRL, "a plaintiff must show that (1) he or she has engaged in protected activity, (2) the employer was aware that the plaintiff participated in such activity, (3) the plaintiff suffered an adverse employment action based upon that activity, and (4) there is a causal connection between the protected activity and the adverse action" (Brunache v MV Transp., Inc., 151 AD3d 1011, 1013; see Diluglio v Liberty Mut. Group, Inc., 230 AD3d 643, 645). Under the NYCHRL, the test is similar, except that the plaintiff need not establish an adverse action; rather, the plaintiff must show only that the defendant took an action that disadvantaged him or her (see Harrington v City of New York, 157 AD3d 582, 585).
Here, the hospital defendants demonstrated, prima facie, that the plaintiff did not engage in protected activity. In opposition, the plaintiff failed to raise a triable issue of fact. Thus, the Supreme Court should have granted those branches of the hospital defendants' motion which were for summary judgment dismissing the causes of action alleging retaliation under both the NYSHRL and the NYCHRL insofar as asserted against them (see Crookendale v New York City Health & Hosps. Corp., 175 AD3d 1132, 1132-1133; Brunache v MV Transp., Inc., 151 AD3d at 1013-1014; Suriel v Dominican Republic Educ. & Mentoring Project, Inc., 85 AD3d 1464, 1467).
Furthermore, the Supreme Court should have granted those branches of the hospital defendants' motion which were for summary judgment dismissing the causes of action alleging hostile work environment. The hospital defendants demonstrated, prima facie, that the plaintiff's allegations did not demonstrate that she was subjected to inferior terms, conditions, or privileges on the basis of her disability (see Executive Law § 296[1][h]) or that she was treated less well than other employees on the basis of her disability (see Reichman v City of New York, 179 AD3d 1115, 1118). In opposition, the plaintiff failed to raise a triable issue of fact.
GENOVESI, J.P., CHRISTOPHER, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court