Dinunzio v Cobble Hill Health Ctr., Inc. (2025 NY Slip Op 04631)

Dinunzio v Cobble Hill Health Ctr., Inc.

2025 NY Slip Op 04631

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
CARL J. LANDICINO
DONNA-MARIE E. GOLIA, JJ.

2023-08935
 (Index No. 502562/23)

[*1]Josephine Dinunzio, etc., appellant, 
v
Cobble Hill Health Center, Inc., respondent.

Krentsel Guzman Herbert, LLP (Horn Appellate Group, Brooklyn, NY [Scott T. Horn], of counsel), for appellant.
Caitlin Robin & Associates, PLLC, New York, NY (Caitlin A. Robin and Mark A. Laughlin of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for violations of Public Health Law §§ 2801-d and 2803-c, the plaintiff appeals from an order of the Supreme Court, Kings County (Richard J. Montelione, J.), dated July 26, 2023. The order, insofar as appealed from, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the causes of action alleging violations of Public Health Law §§ 2801-d and 2803-c and negligence.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the causes of action alleging violations of Public Health Law §§ 2801-d and 2803-c and negligence is denied.
In September 2018, Gerardo Sarni (hereinafter the decedent) allegedly was admitted to a nursing facility operated by the defendant. During his admission, the decedent allegedly contracted COVID-19, which resulted in his death on October 19, 2020. The plaintiff, as the administrator of the decedent's estate, commenced this action against the defendant, asserting causes of action, inter alia, alleging violations of Public Health Law §§ 2801-d and 2803-c and negligence.
The defendant moved, among other things, pursuant to CPLR 3211(a) to dismiss the causes of action alleging violations of Public Health Law §§ 2801-d and 2803-c and negligence. The defendant argued, inter alia, that it was immune from any alleged liability pursuant to the Emergency or Disaster Treatment Protection Act (EDTPA) (Public Health Law former art 30-D, §§ 3080-3082, repealed by L 2021, ch 96, § 1). In an order dated July 26, 2023, the Supreme Court, among other things, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the causes of action alleging violations of Public Health Law §§ 2801-d and 2803-c and negligence. The plaintiff appeals.
Public Health Law former § 3082(1), as amended on August 3, 2020, provided, in pertinent part, that "any health care facility . . . shall have immunity from any liability, civil or criminal, for any harm or damages alleged to have been sustained as a result of an act or omission in the course of providing health care services" so long as the health care facility could demonstrate [*2]certain conditions. A health care facility claiming immunity pursuant to the EDTPA must demonstrate that (1) it was "providing health care services in accordance with applicable law, or where appropriate pursuant to a COVID-19 emergency rule," (2) "the act or omission occur[ed] in the course of providing health care services and the treatment of the individual [wa]s impacted by the health care facility's . . . decisions or activities in response to or as a result of the COVID-19 outbreak and in support of the state's directives," and (3) "the health care facility . . . [wa]s providing health care services in good faith" (id. [as amended by L 2020, ch 134, § 2]). On April 6, 2021, the Legislature repealed the EDTPA (see L 2021, ch 96, § 1).
Contrary to the plaintiff's contention, the Supreme Court properly determined that the repeal of the EDTPA did not apply retroactively (see Gonnelly v Newburgh Operations, LLC, 236 AD3d 866; Damon v Clove Lakes Healthcare & Rehabilitation Ctr., Inc., 228 AD3d 618, 619).
Nevertheless, the defendant did not conclusively establish the statutory preconditions required to invoke EDTPA immunity (see Gonnelly v Newburgh Operations, LLC, 236 AD3d 866; Damon v Clove Lakes Healthcare & Rehabilitation Ctr., Inc., 228 AD3d at 619; cf. Martinez v NYC Health & Hosps. Corp., 223 AD3d 731, 732; Mera v New York City Health & Hosps. Corp., 220 AD3d 668, 670). Although the plaintiff did not raise this argument before the Supreme Court, we may consider it because "'it presents an issue of law that appears on the face of the record, and could not have been avoided had it been raised at the proper juncture'" (I.T.K. v Nassau Boces Educ. Found., Inc., 177 AD3d 962, 963, quoting Brunache v MV Transp., Inc., 151 AD3d 1011, 1013). "On a motion made pursuant to CPLR 3211(a)(7), the burden never shifts to the nonmoving party to rebut a defense asserted by the moving party" (Bianco v Law Offs. of Yuri Prakhin, 189 AD3d 1326, 1328; see Sokol v Leader, 74 AD3d 1180, 1181).
CONNOLLY, J.P., CHAMBERS, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court