10-1741-cv
Ragin v. E. Ramapo Cent. School Dist.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 31st day of March, two thousand eleven.

PRESENT: DENNIS JACOBS,
                    Chief Judge,
          GUIDO CALABRESI,
          RAYMOND J. LOHIER, Jr.,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X
COLETTE D. RAGIN,
        Plaintiff-Appellant,

        -v.-                                10-1741-cv

EAST RAMAPO CENTRAL SCHOOL DISTRICT,
        Defendant-Appellee.
- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:      Michael H. Sussman, Sussman & Watkins,
                    Goshen, New York.

FOR APPELLEES:      Gregg T. Johnson, Lemire Johnson, LLC,
                    Malta, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Gardephe, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiff-Appellant Colette Ragin ("Ragin") appeals from the district court's grant of summary judgment in favor of Defendant-Appellee East Ramapo Central School District (the "School District"), and dismissal of her employment discrimination action. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review an order granting summary judgment de novo and ask whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. See ReliaStar Life Ins. Co. v. Home Depot U.S.A., Inc., 570 F.3d 513, 517 (2d Cir. 2009). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought," Terry v. Ashcroft, 336 F.3d 128, 137 (2d Cir. 2003) (quotation marks omitted), but "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." Davis v. New York, 316 F.3d 93, 100 (2d Cir. 2002).

Even assuming Ragin suffered an adverse employment action, we agree with the district court that Ragin failed to offer evidence that could allow a reasonable jury to find that her termination was the result of racial animus on the part of the School District. "It is well-settled that an inference of discriminatory intent may be derived from a variety of circumstances, including, but not limited to: . . . 'the employer's criticism of the plaintiff's performance in ethnically degrading terms; or its invidious comments about others in the employee's protected group; or the more favorable treatment of employees not in the protected group; or the sequence of events leading to the plaintiff's discharge.'" Leibowitz v. Cornell Univ., 584 F.3d 487, 502 (2d Cir. 2009) (quoting Chambers v. TRM Copy Ctrs. Corp., 43 F.3d 29, 37 (2d Cir. 1994) (internal citations omitted)).

2

The discriminatory comments allegedly were made by Principal Neil Kaplicer ("Kaplicer"); however, Kaplicer retired more than five months before the School District decided to terminate Ragin, and nothing in the record suggests that Kaplicer's comments influenced the decision when it was later made. See Tomassi v. Insignia Fin. Group, Inc., 478 F.3d 111, 116 (2d Cir. 2007) ("The relevance of discrimination-related remarks does not depend on their offensiveness, but rather on their tendency to show that the decision-maker was motivated by assumptions or attitudes relating to the protected class."); McLee v. Chrysler Corp., 109 F.3d 130, 137 (2d Cir. 1997) ("[T]here is no evidence in the record from which it could rationally be inferred that [plaintiff's] allegations of discrimination . . . played any part in [the decision-maker's] decision to fire [plaintiff].").

The legitimate, non-discriminatory reasons given by the School District to justify Ragin's termination included: Ragin's tardiness and frequent absences; her refusal to sign a memorandum setting out her job responsibilities; her unprofessional behavior; her failure to complete a substantial amount of her assigned work, including her teacher evaluations; and her performance in the areas of scheduling, budgets, and communications with the Central Administrative offices. Accordingly, because the ERCSD provided legitimate, non-discriminatory reasons for terminating Ragin, and because Ragin failed to demonstrate that these reasons were pretextual, Ragin's claims fail. See McPherson v. New York City Dept. of Educ., 457 F.3d 211, 216 (2d Cir. 2006) ("We are interested in what 'motivated the employer' . . . ." (quoting United States Postal Service Bd. of Governors v. Aikens, 460 U.S. 711, 716 (1983) (internal quotations omitted))).

We have considered all of Ragin's remaining arguments, and in particular her claims of unlawful retaliation and hostile work environment, and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3