13-0062-cv
William Corbitt v. Queens Health Network

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 10th day of October, two thousand thirteen.

Present:     ROSEMARY S. POOLER,
             GERARD E. LYNCH,
             RAYMOND J. LOHIER, JR.,
                  *Circuit Judges*.

_____

WILLIAM CORBITT,

                    *Plaintiff-Appellant*,


             -v-                                          13-0062-cv


QUEENS HEALTH NETWORK,

                    *Defendant-Appellee*.

_____

Appearing for Appellant:     Steven A. Morelli, The Law Office of Steven A. Morelli, P.C., Garden City, N.Y.

Appearing for Appellee:      Deborah A. Brenner, Assistant Corporation Counsel, New York City Law Department, New York, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Weinstein, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order and judgment of said District Court be and it hereby is **AFFIRMED**.

William Corbitt appeals from the memorandum, order, and judgment entered on November 26, 2012 of the United States District Court for the Eastern District of New York (Weinstein, *J.*), which granted defendant-appellee Queens Health Network's motion for summary judgment and dismissed this case. At issue here is whether the district court erred in concluding that Corbitt failed to establish a genuine dispute of material fact with respect to his race and gender discrimination claims as well as his retaliation claims. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Corbitt's claims of race discrimination, gender discrimination, and retaliation are each governed by the burden-shifting framework set forth in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 802–04 (1973). *See Summa v. Hofstra Univ.*, 708 F.3d 115, 125 (2d Cir. 2013) (retaliation); *Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 491 (2d Cir. 2010) (race discrimination); *Dawson v. Bumble & Bumble*, 398 F.3d 211, 216–17 (2d Cir. 2005) (gender discrimination).

We do not need to decide whether Corbitt established a prima facie case of discrimination or retaliation because Queens Health Network offered legitimate, non-discriminatory, and non-retaliatory reasons for taking adverse actions against Corbitt. Queens Health Network had reason to suspend Corbitt because of the allegations that he was harassing one of his co-workers, and because its other actions, such as transferring Corbitt, had not resolved the problems between him and his co-worker. Assuming *arguendo* that Corbitt's arrest can constitute an adverse employment action, it was Corbitt's co-worker who called the police on the day that Corbitt was arrested, which is evidence that it was not any discriminatory or retaliatory intent on behalf of Queens Health Network that led to Corbitt's arrest. There is evidence in the record that Queens Health Network brought further disciplinary charges against Corbitt and ultimately terminated his employment based on his extended unauthorized absence from work. Corbitt's failure to contact Queens Health Network during the month following his arrest and his unauthorized absence from work for over a year constituted legitimate, non-discriminatory, and non-retaliatory reasons for disciplinary action, including the termination of Corbitt's employment. *See Ragin v. E. Ramapo Cent. Sch. Dist.*, 417 F. App'x 81, 82 (2d Cir. 2011) (summary order). In addition, Queens Health Network granted Corbitt the transfer that he requested in his June 16, 2008 letter, which is evidence that Queens Health Network intended to accommodate Corbitt, rather than to discriminate or retaliate against him.

This showing by Queens Health Network shifts the burden back to Corbitt, who must point to evidence that reasonably supports a finding of discrimination and retaliation. *See Summa*, 708 F.3d at 125; *Dawson*, 398 F.3d at 216. Corbitt failed to proffer sufficient admissible evidence to allow a reasonable factfinder to conclude that Queens Health Network's legitimate, non-discriminatory, and non-retaliatory reasons for its actions were pretexts for discrimination and retaliation. Accordingly, Queens Health Network's motion for summary judgment was properly granted by the district court.

We have considered Corbitt's remaining arguments and find they are without merit. Accordingly, the order and judgment of the district court hereby is AFFIRMED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk