Dorio v Community Hous. Mgt. Corp. (2026 NY Slip Op 50010(U))

[*1]

Dorio v Community Hous. Mgt. Corp.

2026 NY Slip Op 50010(U)

Decided on January 8, 2026

Supreme Court, Westchester County

Giacomo, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 8, 2026
Supreme Court, Westchester County

Christine Dorio, Plaintiff,

againstCommunity Housing Management Corp., Eugene Conroy, Ray Prema, 
 Michelle Francis, Cindy Mauro, and John and/or Jane Does 1-20 (Names Being Fictitious), in their individual and corporate capacities, and as aiders and abettors, Defendants.

Index No. 62784/2025

Attorney for Plaintiff:CSI Group Law Firm P.C., LLCMarc W. Garbar, Esq.112 West 34th StreetNew York, NY 10120(212) 688-8111Attorney for DefendantsYankwitt LLPMichael H. Reed, Esq.140 Grand Street, Suite 705White Plains, NY 10601914 686 1500

William J. Giacomo, J.

In this action alleging discrimination and retaliation on the basis of disability in violation of the New York State Human Rights Law, New York State Executive Law § 296 et. seq. (NYSHRL), among other claims, defendants Community Housing Management Corp. (Community Housing), Eugene Conroy (Conroy), Ray Prema (Prema), Michelle Francis (Francis) and Cindy Mauro (Mauro) (collectively, defendants), move, pre- answer, pursuant to [*2]3211 (a) (7), to dismiss plaintiff Christine Dorio's amended complaint. The following papers were read and considered on this motion: 
Papers Considered NYSCEF DOC NO. 7-11; 18-191. Notice of Motion/Memorandum of Law/ Affirmation in Support by Michael H. Reed, Esq./Exhibit A2. Memorandum of Law in Opposition3. Memorandum of Law in ReplyFACTUAL AND PROCEDURAL BACKGROUNDPlaintiff commenced this action by filing a summons and verified complaint on May 5, 2025. Plaintiff subsequently served and filed an amended complaint on May 14, 2025. The relevant facts and allegations are taken from the plaintiff's amended complaint and are accepted as true, as is generally required, for purposes of this motion. The amended complaint alleges that plaintiff is "seeking damages to recover unpaid wages and redress the harms and losses that plaintiff suffered because of unlawful workplace practices, perpetrated and ratified by defendants for discrimination, retaliation, and negligent infliction of emotional distress." Defendant Community Housing is a property manager located in Elmsford, New York. The individual defendants work for Community Housing and are sued in their official and individual capacities. Specifically, Conroy is the President, Prema is the Chief Financial Officer, Mauro is the Operations Manager and Francis is a coworker. 
In sum and substance, plaintiff alleges she became employed by Community Housing starting on or about January 19, 2009, as an Occupancy Specialist. On or around May 2023, "plaintiff made her co-workers and Community Housing's management aware of the severity of the allergic reactions she endured, as she knew she was allergic to, inter alia, fragrances, air fresheners, spray air fresheners, perfumes, and essential oils (hereinafter, collectively, "Fragrances") being expansively utilized in the Community Housing office." However, in response, "plaintiff's coworkers expressed complete and utter indifference, which was underscored by defendant Prema stating that there was nothing he could do for plaintiff because Fragrance use was a 'cultural thing' at defendant Community Housing." Going forward, plaintiff was purportedly forced to use her inhaler several times throughout the day. 
On June 1, 2023, plaintiff experienced a severe asthmatic reaction from the fragrance in the office. She was allegedly advised at the urgent care to avoid what she is allergic to. After this visit, plaintiff "confronted her coworkers and defendant Community Housing's management to reiterate the severity of her condition and her physician's mandate." 
In August of 2023, plaintiff began to feel her asthma worsen due a fragrance emanating from defendant Francis's office. Plaintiff removed the fragrance. Francis then "berated" plaintiff for removing it, and plugged the fragrance in at full strength, in retaliation for plaintiff's actions. Plaintiff also closed Francis's door. In retaliation, Community Housing placed a note on the door stating that it must remain open. Plaintiff drafted a letter to Conroy, outlining how the fragrance in the office was adversely affecting plaintiff's health. She included a note from her allergist who advised defendants that plaintiff has a high sensitivity to fragrances and her work environment should be free of these as much as possible.
On September 11, 2023, Community Housing implemented a "Scent-Free Policy." However, the amended complaint maintains that the policy was a "ruse," and that employees retaliated against plaintiff by wearing even more perfume and by holding meetings to discuss [*3]how to retaliate against plaintiff. Plaintiff was forced to wear a mask around the office. 
The amended complaint alleges that Community Housing took a portion of plaintiff's bonus to pay its legal bills. Specifically,
"When plaintiff confronted defendant Conroy about defendant Community Housing cutting her bonus to use a portion of her earnings to pay its legal bills, Conroy responded, 'well that was a really big bill.' Plaintiff, dumbfounded, responded, 'so I have to pay Community Housing's legal bill?" Defendant Conroy retorted, 'someone has to.'"Further, after returning from an unrelated disability leave, plaintiff was allegedly subject to a hostile work environment. The employees were wearing fragrance at maximum levels to punish plaintiff. She was also questioned about why she had not been performing her duties while out of the office on disability. Finally,
"[n]ot only did defendants endeavor to silence the plaintiff in an attempt to further avoid responsibility for their actions, but, to further rub salt in her wounds, and to continue retaliating against plaintiff, defendants deliberately passed over plaintiff for a promotion, not once, but twice, when a supervisor role became vacant within her department upon the retirement of Mullane." The amended complaint sets forth that Community Housing hired a person outside the company for the supervisor position. The amended complaint alleges that, "[i]n light of Community Housing's egregious indifference to plaintiff's disability, and vicious denial of accommodation, and in an effort to avoid any additional harm to plaintiff as a result of same, plaintiff commenced the present action." Following the commencement of the action, Francis stood near plaintiff's office and stated, among other things, that "plaintiff is a miserable human being . . . .[who] just wants a paycheck." 
Plaintiff's amended complaint contains eleven causes of action: 1) a hostile work environment due to disability in violation of the NYSHRL against all defendants; 2) disability discrimination under the NYSHRL against all defendants; 3) failure in engage in the interactive process or provide a reasonable accommodation in violation of the NYSHRL against all defendants; 4) aiding and abetting harassing under the NYSHRL against all individually named defendants; 5) retaliation under the NYSHRL against all defendants; 6) negligent infliction of emotional distress against all defendants; 7) intentional infliction of emotional distress against all defendants; 8) untimely payment of wages in violation of the New York Labor Law § 191 against all defendants; 9) unlawful deduction of wages under the New York Labor Law § 193; 10) prohibition of kick back wages in violation of New York Labor Law§ 198-b against all defendants; and 11) wage theft in retaliation for reporting labor law violations in violation of New York Labor Law § 215 against all defendants. 
DISCUSSIONDismissalOn a motion to dismiss pursuant to CPLR 3211 (a) (7), "the facts as alleged in the complaint are accepted as true, the plaintiff is given the benefit of every possible favorable inference," and the court must determine simply "whether the facts as alleged fit within any cognizable legal theory." Mendelovitz v Cohen, 37 AD3d 670, 671 (2d Dept 2007). "Whether the complaint will later survive a motion for summary judgment, or whether the plaintiff will [*4]ultimately be able to prove its claims ... plays no part in the determination of a pre-discovery 3211(a)(7) motion to dismiss." Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 38 AD3d 34, 38 (2d Dept 2006). However, "bare legal conclusions as well as factual claims flatly contradicted by the record are not entitled to any such consideration." Silverman v Nicholson, 110 AD3d 1054, 1055 (2d Dept 2013) (internal quotation marks and citation omitted). 
In addition, on a motion to dismiss, employment discrimination cases are "generally reviewed under notice pleading standards . . . . [I]t has been held that a plaintiff alleging employment discrimination 'need not plead [specific facts establishing] a prima facie case of discrimination' but need only give 'fair notice' of the nature of the claim and its grounds." Vig v New York Hairspray Co., L.P., 67 AD3d 140, 145 (1st Dept 2009) (internal citation omitted).
NYSHRL Discrimination ClaimsIndividual Defendants are not EmployersAt the outset, the first, second and third causes of action must be dismissed as against the individual defendants. The Court of Appeals has clarified that the "State HRL does not render employees liable as individual employers." Doe v Bloomberg, L.P., 36 NY3d 450, 458 (2021). To be clear, "where a corporate entity is the plaintiff's employer, an individual affiliated with the entity cannot himself qualify as the employer. That is so even if the individual holds a high post at the employer or owns the entity." Nezaj v PS450 Bar & Rest., 719 F Supp 3d 318, 329 (SD NY 2024).
Failure to AccommodatePursuant to the NYSHRL, as stated in Executive Law § 296 (1) (a), it is an unlawful discriminatory practice for an employer to: refuse to hire or employ, fire, or discriminate against an individual in the terms, conditions or privileges of employment because of the individual's disability. 
Disability is defined in the NYSHRL as a "physical, mental or medical impairment . . . which prevents the exercise of a normal bodily function . . . [and] which, upon the provision of reasonable accommodations, do[es] not prevent the complainant from performing in a reasonable manner the activities involved in the job or occupation sought or held." Executive Law § 292 (21).
Under the NYSHRL, failure to provide reasonable accommodation to an employee's known disability is a form of discrimination. See Executive Law § 296 (3) (a) (An employer may not "refuse to provide reasonable accommodations to the known disabilities . . . of an employee"). "Reasonable accommodation" is defined as actions taken by employer which "permit an employee . . . with a disability to perform in a reasonable manner the activities involved in the job or occupation sought or held . . . provided, however that such actions do not impose an undue hardship on the business." Executive Law § 292 (21-e). Plaintiff "has the burden of establishing that she proposed a reasonable accommodation and that the defendant refused to make such accommodation." Pimentel v Citibank, N.A., 29 AD3d 141, 148 (1st Dept 2006). 
To state a claim for failure to accommodate under the NYSHRL, "an employee must show that: (1) [she] is a person with a disability under the meaning of the [NYSHRL]; (2) an employer covered by the statute had notice of [her]disability; (3) with reasonable [*5]accommodation, [the employee] could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations." Noll v IBM, 787 F3d 89, 94 (2dCir 2015) (internal quotation marks omitted). Under the NYSHRL, "the first step in providing a reasonable accommodation is to engage in a good faith interactive process that assesses the needs of the disabled individual and the reasonableness of the accommodation requested." Phillips v City of New York, 66 AD3d 170, 176 (1st Dept 2009). 
Defendants argue that the failure to accommodate and hostile work environment claims are insufficiently pled as Community Housing is not required to provide plaintiff with a scent-free workplace. According to defendants, other courts have held that a mandatory scent-free workplace is not a reasonable accommodation and is not objectively reasonable. As plaintiff was allegedly not entitled to a scent-free workplace, her claim alleging that she was subject to a hostile work environment due to scents in the workplace, is not viable. 
Plaintiff argues that her request for accommodation was reasonable and would have enabled her to perform all essential job functions without undue hardship. She claims that she requested for her work environment to be fragrance free as much as possible. However, in response, according to plaintiff, defendants failed to even attempt to accommodate her disability because defendants unilaterally decided to implement a scent-free policy, instead of consulting with her as to what accommodation she would have preferred. Further, according to plaintiff, the scent-free policy was ineffective and employees continued to violate it. 
The amended complaint alleges that plaintiff made defendants aware of her disability in May of 2023. In August of 2023, plaintiff informed defendants that the fragrance use at the office was adversely affecting her health and she requested an accommodation. She states that she enclosed a letter from her allergist dated August 29, 2023 advising defendants that plaintiff has a high sensitivity to fragrances and her work environment should be free of these as much as possible. In response, defendants implemented a scent free policy. 
The amended complaint alleges that plaintiff suffers from a disability or condition to the extent that she is allergic to fragrances. As defendants do not dispute whether this condition qualifies as a disability under the NYSHRL, the Court will assume, for purposes of this motion, that it does. 
However, plaintiff's claim for failure to accommodate fails for the prime reason that plaintiff's request for a scent-free or limited scent environment is not objectively reasonable. Here, plaintiff chose to work in an office with other employees, whose rights would also be affected by a scent-free policy. In addition, Community Housing would be unduly burdened with identifying and removing any scent emanating from an employee which plaintiff considers bothersome.
While it does not appear that any appellate level New York courts have considered the issue, other Courts have held that a mandatory scent-free workplace is not a reasonable accommodation. For example, the Sixth Circuit held the following:
"[Plaintiff] requested a fragrance-free work environment, an air purification device, proper ventilation, and prior notice when chemicals are to be used or sprayed in the facility. As the district court stated: affording her a fragrance-free work environment still purports to require her employer to engage in the undue burden of establishing and enforcing a prohibition against scents. This imposes an obligation on her employer to prohibit plaintiff's co-workers and those who occasionally come into the office of their right to wear scents, to engage in the burdensome and unseemly task of enforcing such a [*6]prohibition and to identify and rid plaintiff's workplace of many other common, scent producing agents such as cleaning supplies. As the . . . Court reasoned, nothing in the Rehabilitation Act suggests that Congress intended for the Act to extend an employer's obligation as far as plaintiff urges. It would be impractical and virtually impossible for the FAA to enforce the accommodation requested by [Plaintiff]. Clearly, the accommodation is not objectively reasonable." 
Montenez-Denman v Slater, 2000 US App Lexis 3303, 2000 WL 263279, *2-3 (6th Cir 2000) (internal quotation marks and citations omitted). 
Accordingly, as plaintiff's accommodation is unreasonable, the allegation that it was ineffective, is irrelevant. 
Even if the accommodation was reasonable, plaintiff still fails to state a claim. Here, plaintiff requested a reasonable accommodation by enclosing a letter from her allergist to make the work environment as fragrance free as possible. In response, defendants did exactly what plaintiff requested, if not more, by implementing a scent-free policy. Accordingly, the amended complaint fails to allege that plaintiff "proposed a reasonable accommodation that the defendants refused to make." Leon v State University of NY, 120 AD3d 771, 772 (2nd Dept 2014). 
Regarding plaintiff's claim that defendants failed to properly engage in the interactive process, "there is no controlling or persuasive authority holding that an employer may be held liable [for failure to provide a reasonable accommodation] based solely on its failure to engage in an interactive process with an employee, absent a showing that the breakdown of the interactive process led to the employer's failure to provide a reasonable accommodation." Hayes v Estee Lauder Cos., Inc., 34 AD3d 735, 737 (2d Dept 2006). 
Accordingly, for the reasons provided, the cause of action alleging a failure to engage in the interactive process or provide a reasonable accommodation, is dismissed. 
Discrimination"A plaintiff alleging discrimination in violation of the NYSHRL must establish that (1) he or she is a member of a protected class, (2) he or she was qualified to hold the position, (3) he or she suffered an adverse employment action, and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination." Bilitch v New York City Health & Hosps. Corp., 194 AD3d 999, 1001 (2d Dept 2021). "Adverse employment actions include discharge, refusal to hire, refusal to promote, demotion, reduction in pay, and reprimand, as well as lesser actions." Phillips v Bowen, 278 F3d 103, 109 (2d Cir 2002). 
The amended complaint states that, after plaintiff returned from an unrelated disability, she was passed over for a promotion twice, despite being qualified for the role. This was purportedly done in an attempt to silence plaintiff and to retaliate against her. According to defendants, this claim must be dismissed, as plaintiff does not allege that she suffered from an adverse action due to her disability. Although plaintiff claims that she was passed over for a promotion due to a disability, she does not even allege that she applied for it. In opposition, plaintiff argues that she has sufficiently pled that she was deliberately overlooked for a promotion due to her disability.
Here, the amended complaint sets forth that, after returning from another unrelated disability leave, plaintiff was passed over for a promotion on account of her disability. However, plaintiff's allegations, are "conclusory and vague," and are insufficient state a claim for discrimination. Polite v Marquis Marriot Hotel, 195 AD3d 965, 967 (2d Dept 2021). For [*7]example, there are no allegations that plaintiff applied for the position or that the person who was offered the position was less qualified. Other than asserting that she was a member of protected class, "the complaint failed to allege circumstances . . . giving rise to an inference of discrimination on the basis of [her protected characteristics]." Acala v Mintz, Levin Cohn Ferris Glovsky & Popeo, P.C., 222 AD3d 706, 707-708 (2d Dept 2023). In addition, the amended complaint states that someone outside of the agency was hired. As a result, plaintiff has not identified any employees who are outside of her protected classes who were treated in a different manner. See id. at 708 ("Moreover, the plaintiff failed to allege acts sufficient to establish that similarly situated persons who did not share her national origin or alleged disabilities were treated more favorably than she").
Accordingly, plaintiff fails to state a claim for discrimination in violation of the NYSHRL, and this cause of action is dismissed.
Hostile Work EnvironmentTo plead an actionable hostile work environment under the NYSHRL, plaintiff must allege that she was subjected "to inferior terms, conditions or privileges of employment" because of because of the individual's membership in one or more . . . protected categories." Executive Law 296 § (h) (1). Courts have held that the NYSHRL's "new standard [for establishing a hostile work environment claim] is similar to the standard for stating a hostile work environment claim under the [New York City Human Rights Law] . . . ." Cano v Seiu Local 32BJ, 2021 US Dist LEXIS 113240, *16 (SD NY 2021). Nonetheless, "courts must be mindful that the NYCHRL is not a general civility code. The plaintiff still bears the burden of showing that the conduct is caused by a discriminatory motive. It is not enough that a plaintiff has an overbearing or obnoxious boss. She must show that she has been treated less well at least in part because of her [protected characteristic]." Mihalik v Credit Agricole Cheuvreux N. Am., Inc., 715 F 3d 102, 110 (2d Cir 2013).
The amended complaint alleges that defendants subjected plaintiff to a hostile work environment by wearing fragrance at the maximum levels, to ensure that plaintiff would have an emergency asthma attack. Despite the scent-free policy, plaintiff still wears a mask in the office. Plaintiff proffers the same allegations in support of her discrimination and retaliation claims. For example, she claims that Francis continued to plug in her electric fragrance, and then when plaintiff complained about it, she was subjected to more unnecessary hostility. 
In opposition to defendants' motion, plaintiff does not oppose the dismissal of the hostile work environment claim. Regardless, as plaintiff is not entitled to a scent free workplace, the claim that plaintiff was subject to a hostile work environment due to scents in the workplace, is not viable. In addition, these, as well as the other allegations, fail to plead that defendants' actions were predicated on any discriminatory animus or that she was subjected to "inferior terms, conditions or privileges of employment" because of her protected characteristics. See Whitfield-Ortiz v Department of Educ. of City of NY, 116 AD3d 580, 581 (1st Dept 2014) ("[p]laintiff also failed to adequately plead discriminatory animus, which is fatal to her both her discrimination and hostile environment claims"). Accordingly, the cause of action alleging a hostile work environment is dismissed.
Retaliation in Violation of the NYSHRLUnder the NYSHRL, it is unlawful to retaliate or discriminate against someone because he or she opposed discriminatory practices. Executive Law § 296 (7). For a plaintiff to successfully make out a prima facie claim of retaliation under the NYSHRL, he/she must demonstrate that: "(1) he/she has engaged in a protected activity, (2) his/her employer was aware of such activity, (3) he/she suffered an adverse employment action based upon the activity, and (4) a causal connection exists between the protected activity and the adverse action." Harrington v City of New York, 157 AD3d 582, 585 (1st Dept 2018). Under the NYSHRL, "an adverse employment action is any action that could well dissuade a reasonable worker from making or supporting a charge of discrimination. . . . [and] covers a broader range of conduct than does the adverse-action standard for claims of discrimination . . . ." Vega v Hempstead Union Free Sch. Dist., 801 F 3d 72, 90 (2d Cir 2015) (internal quotation marks and citation omitted). 
"Protected activity" refers to "actions taken to protest or oppose statutorily prohibited discrimination." Aspilaire v Wyeth Pharmaceuticals, Inc., 612 F Supp 2d 289, 308 (SD NY 2009). Courts have found that "[f]iling a formal complaint is not necessary" to be considered a protest of discriminatory practices. Tulino v Ali, 2019 US Dist Lexis 46264, *6 (SD NY 2019), affd 813 Fed Appx 725 (2d Cir 2020). 
Plaintiff alleges that she made complaints to Conroy and other employees about discriminatory conduct directed at her and then she was retaliated against. For instance, plaintiff alleges that after Francis plugged in her electric fragrance, plaintiff provided defendants with a letter outlining what her disability is, what she is requesting and what the allergist stated. However, plaintiff was then retaliated against when she was passed over for a promotion. 
Here, plaintiff fails to state a claim for retaliation as she did not engage in protected activity. It is well settled that requesting an accommodation is not considered protected activity for purposes of a retaliation claim. See e.g., D'Amico v City of New York, 159 AD3d 558, 558-559 (1st Dept 2018) ("Neither plaintiff's request for a reasonable accommodation nor his filing of an internal workers' compensation claim constitutes protected activities for purposes of the State and City [Human Rights Laws]").[FN1]

Regardless, even assuming that plaintiff engaged in protected activity when she allegedly opposed discriminatory practices, plaintiff fails to plead a causal connection between this activity, which occurred in September 2023, and the alleged adverse action of being denied a promotion, which occurred after June 2024. While there is no "bright line" for the time line that defines a causal relationship, Courts have held that six months is too attenuated to establish a causal relationship between protected activity and an adverse action. See Ragin v East Ramapo Cent. Sch. Dist., 2010 US Dist Lexis 32576, *82 (SD NY 2009), affd 417 Fed Appx 81 (2d Cir 2011); see also Yarde v Good Samaritan Hosp., 360 F Supp 2d 552, 562 (SDNY 2005) ("Three months is on the outer edge of what courts in this circuit recognize as sufficiently proximate to admit of an inference of causation . . . [s]ix months between protected activity and discharge is well beyond the time frame for inferring retaliatory causation"). Here, there was well beyond six months in between any alleged protected activity and the alleged failure to promote.
Accordingly, as plaintiff fails to plead a causal connection, she is unable to set forth a viable claim for retaliation under the NYSHRL. 
Aiding and Abetting ClaimsExecutive Law § 296 (6) states that "[i]t shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so." In general, one who actually participates in the actual conduct giving rise to the discrimination claim is an aider and abettor, even though they lack the authority to either hire or fire the plaintiff. Feingold v State of New York, 366 F3d 138, 158 (2d Cir 2004). Further, "[i]t is the employer's participation in the discriminatory practice which serves as the predicate for the imposition of liability on others for aiding and abetting." Murphy v ERA United Realty, 251 AD2d 469, 472 (2d Dept 1998). 
As Community Housing, as employer, is not liable for discriminating or retaliating against plaintiff, no liability can attach to any individual co-employees as aiders and abettors under the NYSHRL. See e.g. Mascola v City Univ. of NY, 14 AD3d 409, 410 (1st Dept 2005) ("As the claims against the university were properly dismissed, the court also properly dismissed the claims against the individual defendants for aiding and abetting"). Accordingly, the fourth cause of action is dismissed.
Negligent Infliction of Emotional DistressIn opposition to defendants' motion, plaintiff has withdrawn this cause of action. 
Intentional Infliction of Emotional DistressPlaintiff alleges that defendants' conduct was extreme and outrageous in that they harassed her with the intent to expose her to fragrances and cause her emotional distress, as plaintiff was perpetually fearing for her health and safety in the workplace. "Intentional infliction of emotional distress consists of four elements: (i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress." Lea v McNulty, 227 AD3d 971, 974 (2d Dept 2024) (internal quotation marks omitted). When considering a claim, Courts "focus on the outrageousness element, the one most susceptible to determination as a matter of law, since it is rigorous, and difficult to satisfy." Id. at 974 (internal quotation marks and citations omitted). To successfully plead a cause of action for intentional infliction of emotional distress, the alleged conduct must be "so extreme in degree and outrageous in character as to go beyond all possible bounds of decency, so as to be regarded as atrocious and utterly intolerable in a civilized community." Wolkstein v Morgenstern, 275 AD2d 635, 636-637 (1st Dept 2000) (internal quotation marks and citations omitted).
Based on precedent, the conduct alleged in the amended complaint "cannot, as a matter of law, be characterized as so 'extreme and outrageous' that it exceeds 'all possible bounds of decency.'" Lea v McNulty, 227 AD3d at 974. See e.g. Matthaus v Hadjedj, 148 AD3d 425, 425-426 (1st Dept 2017) ("plaintiff's factual allegation that defendant made false statements to the police, causing her arrest and incarceration, was insufficient as a matter of law to constitute extreme and outrageous behavior to sustain the claim [for intentional infliction of emotional distress]"). Accordingly, the seventh cause of action is dismissed.
New York Labor Law ClaimsThe amended complaint alleges that defendants withheld her earned wages based upon [*8]her disability, request for accommodation and complaint of illegal and/or unsafe workplace conditions. According to plaintiff, on an unspecified date, Conroy advised plaintiff that Community Housing was cutting her bonus to use a portion of her earnings to pay its legal bills. Further, as defendants only required legal services due to plaintiff, defendants purportedly reasoned that it was plaintiff's responsibility to pay its legal bills. The amended complaint alleges a cause of action for untimely payment of wages in violation of Labor Law § 191 and a cause of action unlawful deduction of wages in violation of Labor Law § 193.[FN2]

Defendants argue that plaintiff's pay frequency, wage deduction and kickback claims should be dismissed, as a bonus is not a "wage" for purposes of the New York Labor Law. Specifically, plaintiff fails to allege that her bonus was vested, nondiscretionary or based on personal productivity. Defendants also argue that the New York Labor Law claims should be dismissed as against the individual defendants, as they are not considered employers under the New York Labor Law. 
In opposition, plaintiff argues that at this stage of the proceedings, plaintiff's allegation that her bonus was a wage must be accepted as true. Thus, a claim for an impermissible wage deduction is allegedly viable. 
To start, under Labor Law § 190 (3), an employer is defined as "any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service." Here, plaintiff does not allege that any individual defendants are employers under the New York Labor Law and the causes of action grounded in these violations are dismissed against the individual defendants. 
In the eighth cause of action, plaintiff alleges a nonpayment of wages in violation of Labor Law § 191. However, this section of the Labor Law refers to frequency of pay and not unpaid wages. "In the complaint, plaintiff does not allege that defendant required her . . . to accept wages at periods other than those provided in Labor Law § 191, and she does not make any allegations at all regarding the frequency of pay." Pacheco v Cath. Guardian Servs., 242 NYS3d 268, 268 (1st Dept 2025). 
Accordingly, plaintiff fails to sufficiently plead that defendants violated the New York Labor Law's pay frequency provision, and the eighth cause of action is dismissed. See e.g. Gutierrez v Bactolac Pharm., Inc., 210 AD3d 746, 747 (2d Dept 2022) ("However, the Supreme Court properly directed dismissal of the second cause of action, which alleged violations of Labor Law § 191, as that statute pertains to frequency of pay and not unpaid wages").
Plaintiff has also alleged that defendants unlawfully took a portion of her earned bonus to pay their legal bills in violation of Labor Law § 193. Pursuant to Labor Law § 193 (1) (a) and (b), "[n]o employer shall make any deduction from the wages of an employee, except deductions which . . . are made in accordance with the provisions of any law . . . or . . . are for the benefit of the employee." Pursuant to Labor Law § 190 (1), wages are defined as "the earnings of an employee for labor or services rendered, regardless of whether the amount of earnings is determined on a time, piece, commission or other basis. 
Courts have held that a "[w]here a bonus is expressly linked to an employee's labor or services rendered, and the bonus is guaranteed and non-discretionary as a term of employment, [*9]such bonus constitutes wages within the meaning of Labor Law § 190." Gutt v North Am. Partners in Anesthisia, LLP, 237 AD3d 1063, 1067 (2d Dept 2025) (internal quotation marks and citations omitted). However, bonuses tied to the financial success of the company are not considered wages. Id. 
At this preanswer motion to dismiss stage, there is no documentary evidence to deduce whether the bonus "was expressly linked to [her] labor and services, and whether the bonus was discretionary or nondiscretionary." Gutt v Norh Am. Partners in Anesthesia, LLP, 237 AD3d at 1067; see also Ryan v Kellogg Partners Institutional Servs., 19 NY3d 1, 16 (2012) (internal quotation marks and citations omitted) ("bonus payments, already due and vested . . . fall within the definition of wages in § 190. Since Ryan's bonus therefore constitutes wages within the meaning of Labor Law § 190 (1), Kellogg's neglect to pay him the bonus violated Labor Law § 193").
Accordingly, for purposes of this motion, plaintiff has sufficiently pled that Community Housing unlawfully deducted her wages in violation of Labor Law § 193. 
Labor Law § 215 RetaliationLabor Law § 215 summarizes that an employer may not threaten to terminate an employee who has complained to employer that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of the Labor Law. See Labor Law § 215; see also Reyes v Seaqua Delicatessen, Inc., 234 AD3d 88 (2d Dept 2024).
To establish a claim under Labor Law § 215, plaintiff must plead: "(1) participation in protected activity known to the defendant; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." Salazar v Bowne Realty Assoc., LLC, 796 F Supp 2d 378, 384 (ED NY 2011). 
Here, the amended complaint alleges that,
"Defendants retaliated against plaintiff in the terms and conditions of her employment by deliberately withholding her earned wages based upon her complaints of disability discrimination, disregard for accommodation, and/or illegal and/or unsafe workplace conditions and/or processes, and there existed a causal link between such protected status and the adverse, disparate employment decisions to which she was subjected."Defendants argue that this claim should be dismissed as plaintiff failed to allege that she complained about a violation of the New York Labor Law. 
In opposition, plaintiff alleges that she complained about defendants unlawfully deducting her wages and then was retaliated against, when Conroy harassed her by telling her than someone has to pay the legal fees.
Courts have held that claims for disability discrimination and retaliation are covered under the NYSHRL and that "a request for accommodation owing to disability is not an employment action protected by the New York Labor Law." Quartararo v J. Kings Food Serv. Profls, 2021 US Dist Lexis 63648, *47 (ED NY 2021). As the amended complaint alleges that defendants retaliated against plaintiff after her disability discrimination complaints, it fails to state a cause of action for retaliation under the New York Labor Law.
Even if plaintiff had alleged that she was retaliated against after complaining about unlawful wage deduction, her claim would also fail as she does not plead that she was subject to an adverse action when having a conversation about Conroy and her bonus. See e.g. Lombardo v Camuto Grp. LLC, 2025 US Dist Lexis 7677, *18-19 (SD NY 2025) (internal quotation marks [*10]and citations omitted) ("adverse employment actions include refusal to hire, refusal to promote, demotion, reduction in pay, and reprimand. . . . Consequently, actions that are relatively minor and infrequent will not meet [the NYLL] standard, but otherwise minor incidents that occur often and over a long period of time may be actionable if they attain the critical mass of unreasonable inferiority").
Accordingly, the cause of action alleging retaliation is dismissed. 
All other arguments raised on this motion and evidence submitted by the parties in connection thereto have been considered by this court notwithstanding the specific absence of reference thereto.
CONCLUSIONAccordingly, it is hereby
ORDERED that defendants' motion to dismiss plaintiff's amended complaint pursuant to CPLR 3211 is granted to the extent that all causes of action are dismissed except for the one alleging a violation of Labor Law § 193 against defendant Community Housing Management Corp. only; and it is further
ORDERED that plaintiff's amended complaint is dismissed in its entirety with costs and disbursements to the individual defendants, as taxed by the Clerk of the Court, and the Clerk is directed to enter judgment accordingly in favor of said individual defendants; and it is further
ORDERED that the defendant Community Housing Management Corp. shall serve its answer within ten days of service of this order with notice of entry (see CPLR 3211[f]).
The Court will subsequently provide the parties with instructions on filing the preliminary conference stipulation.
Dated: January 8, 2026White Plains, New YorkHON. WILLIAM J. GIACOMO, J.S.C.

Footnotes

Footnote 1:The NYSHRL has been subsequently amended to prohibit retaliation against an individual who requested a reasonable accommodation. However, this amendment, known as the "reasonable accommodation anti-retaliation act," took effect on December 5, 2025 and is not retroactive.

Footnote 2:In opposition to defendants' motion. Plaintiff withdrew the tenth cause of action alleging a violation of New York Labor Law § 198-b.